Francis P. McConville (*pro hac vice* forthcoming)
David J. Schwartz (*pro hac vice* forthcoming)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff Leadersel Innotech ESG and Proposed Lead Counsel for the Class*

David Bricker (Cal. State Bar No. 158896)
**THORNTON LAW FIRM LLP**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
dbricker@tenlaw.com

*Local Counsel for Proposed Lead Plaintiff Leadersel Innotech ESG and Proposed Liaison Counsel for the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOUVIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ON24, INC., SHARAT SHARAN, STEVEN VATTUONE, IRWIN FEDERMAN, DENISE PERSSON, HOLGER STAUDE, DOMINIQUE TREMPONT, BARRY ZWARENSTEIN, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., ROBERT W. BAIRD & CO. INCORPORATED, CANACCORD GENUITY LLC, NEEDHAM & COMPANY, LLC, PIPER SANDLER & CO., and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. | Case No.: 4:21-cv-08578-YGR<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF LEADERSEL INNOTECH ESG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  February 8, 2022<br>Time: 2:00 p.m.<br>Courtroom: 1 – 4th Floor<br>Judge:  Yvonne Gonzalez Rogers |

| | |
|---|---|
| ANNA L. GOEMER and GREGORY C. GOEMER, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiffs,<br><br>v.<br><br>ON24, INC., SHARAT SHARAN, STEVEN VATTUONE, IRWIN FEDERMAN, DENISE PERSSON, HOLGER STAUDE, DOMINIQUE TREMPONT, and BARRY ZWARENSTEIN,<br><br>                        Defendants. | Case No. 4:21-CV-08744-HSG |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. ii

NOTICE OF MOTION AND MOTION ............................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED .................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................... 2

I.   PRELIMINARY STATEMENT .................................................................................... 2

II.  ARGUMENT ................................................................................................................... 3

    A.   The Related Actions Should Be Consolidated ................................................... 3

    B.   Leadersel Innotech Should Be Appointed Lead Plaintiff .................................. 4

        1.   The PSLRA Standard for Appointing Lead Plaintiff .............................. 4

    C.   Leadersel Innotech Is the "Most Adequate Plaintiff" ....................................... 5

        1.   Leadersel Innotech Satisfied the PSLRA's Procedural Requirements ................................................................................................ 5

        2.   Leadersel Innotech Has a Substantial Financial Interest ......................... 6

        3.   Leadersel Innotech Satisfies Rule 23's Typicality and Adequacy Requirements ........................................................................... 6

    D.   The Court Should Approve Leadersel Innotech's Choice of Counsel .............................................................................................................. 7

CONCLUSION ........................................................................................................................ 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Cavanaugh*,
　306 F.3d 726 (9th Cir. 2002) ........................................................................................... 5, 6, 8

*In re Cohen v. United States*,
　586 F.3d 703 (9th Cir. 2009) ............................................................................................... 7, 8

*In re Fastly, Inc. Sec. Litig.*,
　No. 20-cv-06024-PJH, 2021 WL 493386 (N.D. Cal. Feb. 10, 2021) .............................. 5, 6, 7

*GGCC, LLC v. Dynamic Ledger Sols., Inc.*,
　No. 17-cv-06779-RS, 2018 WL 1388488 (N.D. Cal. Mar. 16, 2018) ................................ 3, 4

*Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*,
　877 F.2d 777 (9th Cir. 1989) ................................................................................................... 4

*In re Solar City Corp. Sec. Litig.*,
　No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) .................................. 6

**Rules & Statutes**

Fed. R. Civ. P. 23 ...........................................................................................................*passim*

Fed. R. Civ. P. 42 ...........................................................................................................*passim*

15 U.S.C. § 78u-4, *et seq.* ............................................................................................*passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
　No. 04-cv-8141 (S.D.N.Y.) ..................................................................................................... 8

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
　No. 08-md-1963 (S.D.N.Y.) .................................................................................................... 8

*In re Broadcom Corp. Class Action Litig.*,
　No. 06-cv-05036 (C.D. Cal.) ................................................................................................... 8

*In re Countrywide Fin. Corp. Sec. Litig.*,
　No. 07-cv-5295 (C.D. Cal.) ..................................................................................................... 8

*In re Mercury Interactive Corp. Sec. Litig.*,
　No. 05-cv-3395 (N.D. Cal.) ..................................................................................................... 8

**Other Authorities**

*Newberg, et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2002) ......................................... 8

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Lead Plaintiff Movant Leadersel Innotech ESG ("Leadersel Innotech") by and through its counsel, hereby moves this Court pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned actions (the "Actions") pursuant to Rule 42 of the Federal Rules of Civil Procedure; (2) appointing Leadersel Innotech as Lead Plaintiff pursuant to the PSLRA; (3) approving the selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and the Thornton Law Firm LLP ("Thornton Law") as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper (the "Motion").

This Motion is made on the grounds that Leadersel Innotech believes it is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Specifically, Leadersel Innotech believes it has the "largest financial interest" in the relief sought by the Class in the Actions. Leadersel Innotech also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims, and because it will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of David Bricker ("Bricker Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

**WHEREFORE**, Leadersel Innotech respectfully requests that the Court grant its motion and enter an Order: (1) consolidating the Actions; (2) appointing Leadersel Innotech as Lead Plaintiff; (3) approving Leadersel Innotech's selection of Labaton Sucharow as Lead Counsel for the Class and Thornton Law as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint Leadersel Innotech as Lead Plaintiff; and

3. Whether the Court should approve of Leadersel Innotech's selection of Labaton Sucharow as Lead Counsel for the Class and Thornton Law as Liaison Counsel for the Class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

The above-captioned securities class actions assert claims under Sections 11, 12, and 15 of the Securities Act against (i) ON24, Inc. ("ON24" or the "Company"), (ii) certain of the Company's senior executives and directors who signed the Registration Statement, effective February 2, 2021, issued in connection with the Company's initial public offering (the "IPO" or the "Offering"), and the underwriters of the Offering, on behalf of a class consisting of all persons and entities that purchased, or otherwise acquired, ON24 common stock issued in connection with the Company's IPO, and who were damaged thereby (the "Class"). The Actions allege that the Registration Statement and Prospectus (filed with the SEC on January 8, 2021 and February 4, 2021, respectively), including all amendments thereto, contained materially incorrect or misleading statements and/or omitted material information that was required by law to be disclosed.

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to the appointment of a lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(ii). Here, the Actions should be consolidated because they each involve identical legal and factual questions. *See* Fed. R. Civ. P. 42(a). As soon as practicable after its decision on consolidation, the PSLRA then instructs this Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). In that regard, the Court must determine which member of the Class has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23. 15 U.S.C. § 77z-1 (a)(3)(B)(iii)(I).

Leadersel Innotech respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA. As discussed herein, Leadersel Innotech incurred **$2,166,535.07** in losses as a result of its transactions in ON24 common stock pursuant or traceable to the IPO.[1] In light of this significant loss, Leadersel Innotech has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant. Leadersel Innotech also meets the typicality and adequacy requirements of Rule 23 because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class. Leadersel Innotech has further demonstrated its adequacy through its selection of Labaton Sucharow as proposed Lead Counsel for the Class. Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Leadersel Innotech is the "most adequate plaintiff," and respectfully requests that the Court appoint it Lead Plaintiff and approve its selection of counsel.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Actions before appointing a lead plaintiff. *See* 15 U.S.C. 77z-1(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "In applying this standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'" *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, No. 17-cv-06779-RS, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation

---

[1] A Copy of Leadersel Innotech's PSLRA Certification ("Certification") is attached as Exhibit A to the accompanying Bricker Decl., which sets forth all transactions for Leadersel Innotech in ON24 common stock during the relevant period. In addition, a chart reflecting the calculation of Leadersel Innotech's losses as a result of its ON24 common stock transactions ("Loss Analysis") is attached as Exhibit B to the Bricker Decl.

omitted).  Furthermore, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district."  *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989).

Consolidation of the related Actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  Each of the actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act arising from the public dissemination of false and misleading information to investors.  Accordingly, the Actions should be consolidated pursuant to Rule 42(a) for all purposes.

### B. Leadersel Innotech Should Be Appointed Lead Plaintiff

Leadersel Innotech respectfully submits that it is the presumptively "most adequate plaintiff" because it has complied with the PSLRA procedural requirements, holds the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 77z-1(a)(l); *see also* 15 U.S.C. § 77z-1(a)(3)(B).  First, Section 27(a)(3)(A)(i) of the Securities Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)  of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 77z-1(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive process for selecting a lead plaintiff). This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *see also In re Fastly, Inc. Sec. Litig.*, No. 20-cv-06024-PJH, 2021 WL 493386, at *2 (N.D. Cal. Feb. 10, 2021) (same).

C.  **Leadersel Innotech Is the "Most Adequate Plaintiff"**

1.  **Leadersel Innotech Satisfied the PSLRA's Procedural Requirements**

Leadersel Innotech filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), on November 3, 2021, counsel for the Plaintiff in the first-filed case caused notice regarding the pending nature of this case to be published on a widely circulated, national, business-oriented news reporting service. *See* Notice, Bricker Decl. Ex. C. Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before January 3, 2022. Leadersel Innotech filed this motion within the required period.

### 2. Leadersel Innotech Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. Leadersel Innotech suffered substantial losses of ***$2,166,535.07*** as a result of its transactions in ON24 common stock pursuant or traceable to the IPO. *See* Loss Analysis, Bricker Decl. Ex. B. Leadersel Innotech is presently unaware of any other movant with a larger financial interest in the outcome of the Action. Consequently, and because it also satisfies Rule 23's typicality and adequacy requirements, as discussed below, Leadersel Innotech is entitled to the legal presumption that it is the "most adequate plaintiff."

### 3. Leadersel Innotech Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). However, at the lead-plaintiff-selection stage, all that is required is a *preliminary showing* that the lead plaintiff's claims are typical and adequate. *See, e.g., In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017) ("Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor.") (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010)).

"The typicality requirement focuses on 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Fastly, Inc.*,

2021 WL 493386, at *6 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  Here, the claims that Leadersel Innotech asserts are typical of the claims of the other members of the putative Class because, like all other Class members, Leadersel Innotech purchased ON24 common stock pursuant or traceable to the IPO and suffered harm as a result of defendants' violations of the federal securities laws.  Because the claims that Leadersel Innotech asserts are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied.  *See Newberg*, *et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2002).  Thus, Leadersel Innotech satisfies the typicality requirement.

"The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."  *Fastly, Inc.*, 2021 WL 493386, at *6 (quoting *Hurst v. Enphase Energy, Inc.*, 2020 WL 7025085, at *5 (N.D. Cal. Nov. 30, 2020)).  Leadersel Innotech is adequate as it is not aware of any conflicts between its claims and those asserted on behalf of the putative Class and is not subject to any unique defenses.  Moreover, after discussions with counsel concerning the facts of this case, the responsibilities of a lead plaintiff and criteria for appointment, and most importantly, the qualifications of proposed counsel, Leadersel Innotech selected the law firm of Labaton Sucharow as proposed Lead Counsel.  As discussed *infra* Section II.D, Labaton Sucharow is highly experienced in prosecuting securities class actions vigorously and efficiently.  *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (B)(v).

Accordingly, Leadersel Innotech satisfies the adequacy requirement.

**D.     The Court Should Approve Leadersel Innotech's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v).  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. United States*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264

F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, Leadersel Innotech has selected Labaton Sucharow, highly qualified counsel, to serve as Lead Counsel for the proposed Class.  Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors.  Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.).  Labaton Sucharow presently serves as lead and co-lead counsel in several significant investor class actions.  *See* Bricker Decl., Ex. D.

Likewise, Thornton Law is well qualified to represent the Class as Liaison Counsel.  Thornton Law maintains an office in this Circuit and is thus qualified to represent the Class as Liaison Counsel.  *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

Accordingly, the Court may be assured that by granting this motion and approving Leadersel Innotech's selection of Labaton Sucharow as Lead Counsel and Thornton Law as Liaison Counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Leadersel Innotech respectfully requests that the Court: (1) consolidate the Actions; (2) appoint Leadersel Innotech as Lead Plaintiff; (3) approve the selection of Labaton Sucharow as Lead Counsel for the Class and Thornton Law as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  January 3, 2022                    Respectfully submitted,

*/s/ David Bricker*

**THORNTON LAW FIRM LLP**
David Bricker (Cal. State Bar No. 158896)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
dbricker@tenlaw.com

*Local Counsel for Proposed Lead Plaintiff Leadersel Innotech ESG and Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Francis P. McConville (*pro hac vice* forthcoming)
David J. Schwartz (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff Leadersel Innotech ESG and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ David Bricker
David Bricker (#158896)