ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
          – and –
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOUVIA, Individually and on Behalf of All Others Similarly Situated,<br><br>                                        Plaintiff,<br><br>     vs.<br><br>ON24, INC., et al.,<br><br>                                        Defendants. | Case No. 4:21-cv-08578-YGR<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:          February 22, 2022<br>TIME:           2:00 p.m.<br>CTRM:         1, 4th Floor<br>JUDGE:        Hon. Yvonne Gonzalez Rogers |

4872-5997-2872.v1

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on February 22, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA, 94612 before the Honorable Yvonne Gonzalez Rogers, class member City of Pensacola Police Officers' Retirement Plan (the "Retirement Plan") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order: (1) consolidating the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing the Retirement Plan as Lead Plaintiff; and (3) approving the Retirement Plan's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.  This Motion is made on the grounds that the related actions allege substantially similar factual and legal issues, and the Retirement Plan is the most adequate plaintiff to serve as lead plaintiff in the consolidated action.  In support of this Motion, the Retirement Plan submits herewith a Memorandum of Points and Authorities and the Declaration of Jennifer N. Caringal ("Caringal Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Presently pending in this District are two securities class action lawsuits (the "Related Actions") asserting claims pursuant to the Securities Act of 1933 ("1933 Act") on behalf of purchasers or acquirers of ON24, Inc. ("ON24" or the "Company") common stock issued in connection with the Company's initial public offering ("IPO").[1]  Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §77z-1(a)(3)(B)(ii).  As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common legal and factual questions.

---

[1]    The related actions are *Douvia v. ON24, Inc.*, No. 4:21-cv-08578 (filed November 3, 2021) and *Goemer v. ON24, Inc.*, No. 4:21-cv-08744 (filed November 10, 2021).

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEM IN SUPP - 4:21-CV-08578-YGR

- 1 -

4872-5997-2872.v1

After deciding consolidation, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i).  Here, the Retirement Plan should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).  In addition, the Retirement Plan's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v).

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the Related Actions for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.    Whether the Court should appoint the Retirement Plan as Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B); and

3.    Whether the Court should approve the Retirement Plan's selection of Robbins Geller as Lead Counsel pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

ON24 offers a cloud-based digital experience platform that enables businesses to convert customer engagement into revenue through interactive webinar experiences, virtual event experiences, and multimedia content experiences.  On or about February 3, 2021, ON24 conducted its IPO, offering over 8.5 million shares of common stock to the public at a price of $50 per share for anticipated proceeds of approximately $428 million.  The complaints allege that the representations in ON24's offering documents were materially inaccurate, misleading, and/or incomplete because they failed to disclose, among other things, that the surge in COVID-19 customers ON24 observed in the lead up to the IPO consisted of a significant number that did not fit ON24's traditional customer profile and, as a result, were significantly less likely to renew their contracts.

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEM IN SUPP - 4:21-CV-08578-YGR

- 2 -

4872-5997-2872.v1

On August 10, 2021, ON24 offered revenue guidance for the remainder of the year of no more than $48.5 million in third quarter 2021 and $204.2 million for fiscal year 2021, missing analyst consensus estimates. During ON24's analyst call held that same day, ON24's President and CEO, defendant Sharat Sharan, admitted that ON24 "experienced higher than expected churn and down-sell from customers [it] signed up in the second quarter of last year during the peak of COVID." *Douvia*, ECF No. 1 at ¶51; *Goemer*, ECF No. 1 at ¶35. He then added, "[t]his higher churn was primarily in the first-time renewal cohort, customers who signed [] [one]-year contracts last year and who were up for renewal." *Id.* On this news, ON24's stock price declined approximately 31%, damaging investors. By the commencement of the first-filed *Douvia* complaint, ON24 stock traded as low as $18.66 per share, a nearly 63% decline from the $50 per share IPO price.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of ON24's common stock, the Retirement Plan and other class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z-1(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).

Here, the Related Actions present substantially similar factual and legal issues, as the complaints were filed against overlapping defendants on behalf of investors or acquirers of ON24 common stock issued in connection with the Company's IPO, alleging violations of the 1933 Act. Accordingly, consolidation is appropriate here.

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEM IN SUPP - 4:21-CV-08578-YGR

- 3 -

4872-5997-2872.v1

**B.    The Retirement Plan Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  *See* 15 U.S.C. §77z-1(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The Retirement Plan meets each of these requirements and should be appointed Lead Plaintiff.

**1.    This Motion Is Timely**

The statutory notice in this case was published on November 3, 2021 on *Globe Newswire* advising class members of the pendency of the action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, *i.e.*, by January 2, 2022. *See* Caringal Decl., Ex. A.  January 2, 2022 is a Sunday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is January 3, 2022.  Because the Retirement Plan's motion was timely filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

**2.    The Retirement Plan Has a Substantial Financial Interest in the Relief Sought by the Class**

As evidenced by its PSLRA Certification and loss chart, the Retirement Plan purchased 2,626 shares of ON24 common stock and suffered approximately $61,253 in losses as a result of defendants' alleged violations of the federal securities laws.  *See* Caringal Decl., Exs. B, C. Therefore, the Retirement Plan has a substantial financial interest in the relief sought by the class.

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEM IN SUPP - 4:21-CV-08578-YGR

- 4 -

4872-5997-2872.v1

### 3. The Retirement Plan Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (same).

"Typicality asks whether 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'"  *Bodri*, 2016 WL 1718217, at *5 (quoting Fed. R. Civ. P. 23(a)(3)).  The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'"  *Id.* (quoting Fed. R. Civ. P. 23(a)(4)).

Here, the Retirement Plan purchased ON24 common stock and suffered harm when defendants' alleged misconduct was revealed.  *See* Caringal Decl., Exs. B, C.  In addition, the Retirement Plan has a substantial stake in the outcome of the case, providing the requisite incentive to vigorously represent the class's claims.  The Retirement Plan has not conflated its own financial interest with the ON24 transactions of any third-party entities in which the Retirement Plan may have invested.  And, as discussed below, the Retirement Plan has selected qualified counsel experienced in securities litigation.

Finally, as an institutional investor, the Retirement Plan is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).

Accordingly, the Retirement Plan satisfies the Rule 23 inquiry.

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEM IN SUPP - 4:21-CV-08578-YGR

- 5 -

4872-5997-2872.v1

### C.    The Court Should Approve the Retirement Plan's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  The Retirement Plan has selected Robbins Geller as lead counsel in this case.[2]

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.  Courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations.  *See, e.g.*, *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, ECF No. 383 (N.D. Cal. Sept 24, 2018) (finalizing the $125 million settlement Robbins Geller achieved – a settlement that ranks among the top ten largest securities recoveries ever in the Northern District of California); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, No. 3:15-md-02672-CRB (N.D. Cal) (Robbins Geller partner Paul J. Geller appointed to serve on Plaintiffs' Steering Committee in what was to be the largest consumer auto industry class action settlement in U.S. history); *In re Facebook Biometric Info. Privacy Litig*, 2021 WL 757025, at *1 (N.D. Cal. Feb. 26, 2021) (approving largest all cash privacy settlement obtained by Robbins Geller and co-counsel, finding that "[b]y any measure, the $650 million settlement in this biometric privacy class action is a landmark result").  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEM IN SUPP - 4:21-CV-08578-YGR

- 6 -

4872-5997-2872.v1

jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

Accordingly, the Retirement Plan's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## V.    CONCLUSION

The Related Actions involve common legal and factual questions and should be consolidated for all purposes.  Additionally, the Retirement Plan has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Retirement Plan respectfully requests that the Court consolidate the Related Actions, appoint it as Lead Plaintiff, and approve its selection of Lead Counsel.

DATED:  January 3, 2022                           Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ


                                    s/ Jennifer N. Caringal
                                 JENNIFER N. CARINGAL

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

---

[3]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEM IN SUPP - 4:21-CV-08578-YGR

- 7 -

4872-5997-2872.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF, APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEM IN SUPP - 4:21-CV-08578-YGR

- 8 -

4872-5997-2872.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 3, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  jcaringal@rgrdlaw.com

4872-5997-2872.v1

# Mailing Information for a Case 4:21-cv-08578-YGR Douvia v. ON24, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David Bricker**
  dbricker@tenlaw.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,edewan@scott-scott.com,mmolloy@scott-scott.com

- **Thomas L Laughlin , IV**
  tlaughlin@scott-scott.com,scott-scott@ecf.courtdrive.com,tharo@scott-scott.com,efile@scott-scott.com

- **Robert Henderson O'Leary**
  bob.oleary@morganlewis.com

- **Kevin M Papay**
  kevin.papay@morganlewis.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com

- **Anna Erickson White**
  awhite@mofo.com,anna-erickson-white-9788@ecf.pacerpro.com,andrea-vickery-5658@ecf.pacerpro.com,avickery@mofo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)