Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Michael
Pierce and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JAMES DOUVIA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ON24, INC., SHARAT SHARAN, STEVEN VATTUONE, IRWIN FEDERMAN, DENISE PERSSON, HOLGER STAUDE, DOMINIQUE TREMPONT, BARRY ZWARENSTEIN, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., ROBERT W. BAIRD & CO. INCORPORATED, CANACCORD GENUITY LLC, NEEDHAM & COMPANY, LLC, PIPER SANDLER & CO., and WILLIAM BLAIR & COMPANY, L.L.C., <br><br> Defendants. | Case No. 4:21-cv-08578-YGR <br><br> **NOTICE OF MOTION AND MOTION OF MICHAEL PIERCE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: February 8, 2022 <br> Time: 2:00 p.m. <br> Crtrm.: 1 - 4th Floor <br><br> Judge: Yvonne Gonzalez Rogers |
| ANNA L. GOEMER and GREGORY C. GOEMER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ON24, INC., SHARAT SHARAN, STEVEN VATTUONE, IRWIN FEDERMAN, DENISE PERSSON, HOLGER STAUDE, DOMINIQUE TREMPONT, and BARRY ZWARENSTEIN, <br><br> Defendants. | Case No. 4:21-cv-08744-HSG |

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 8, 2022, at 2:00 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Yvonne Gonzalez Rogers, at Oakland Federal District Courthouse, 1301 Clay Street, Courtroom 1, Fourth Floor, Michael Pierce ("Pierce") will move this Court for entry of an Order: (i) consolidating the above-captioned actions; (ii) appointing Pierce as Lead Plaintiff; (iii) approving Pierce's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 27 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and the Federal Rules of Civil Procedure. In support of this Motion, Pierce submits a Memorandum of Points and Authorities in support thereof and the Declaration of Charles H. Linehan and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Pierce is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced actions. Further, Pierce satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Michael Pierce ("Pierce") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Pierce as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B); (3) approving Pierce's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased, or otherwise acquired, ON24, Inc. ("ON24" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus (the "Offering Documents") issued in connection with the Company's February 2021 initial public offering (the "IPO" or the "Offering").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff as lead plaintiff—the plaintiff most capable of adequately representing the interests of class members. 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA further provides that the plaintiff or movant with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii). This motion is made on the grounds that Pierce is the "most adequate plaintiff" as defined by the PSLRA.

Pierce has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Pierce satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Pierce respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Pierce's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

ON24 is purportedly a cloud-based digital experience platform that enables businesses to convert customer engagement into revenue through interactive webinar experiences, virtual event experiences, and multimedia content experiences.

On or about February 3, 2021, ON24 conducted its IPO, offering 8,560,930 shares of common stock at a price of $50 per share for anticipated proceeds of approximately $428,046,500.

According to the Offering Documents, ON24's cloud-based platform was developed to enable "enterprise-grade" scalability and affords large enterprise customers ("$100K Customers"), representing a "substantial portion of [ON24's] business," the ability to make privacy and compliance choices that align to their needs as well as integrations with a broad ecosystem to third-party applications.

As of December 31, 2019, ON24 purportedly had 1,401 customers, of which, 144 were $100k Customers. As of September 30, 2020, ON24 purportedly had 1,918 customers, of which, 271 were $100k Customers. According to ON24, this increase resulted in ON24 "experience[ing] significant revenue growth during 2020," which was driven by "increase[ed] demand for [ON24's] platform and products following the onset of the COVID-19 pandemic and resulting precautionary measures." ON24 also credited its effort to acquire new customers and "retain and expand" the use of ON24's solutions "across [its] existing customer" base for driving the Company's growth.

Unbeknownst to investors, however, the Offering Documents representations were materially inaccurate, misleading, and/or incomplete because they failed to disclose, *inter alia*, that the surge in COVID-19 customers ON24 observed in the lead up to the IPO consisted of a significant number that did not fit ON24's traditional customer profile and, as a result, were significantly less likely to renew their contracts.

---

[1] This section is adapted from the allegations in the complaints in the above-captioned actions.

On August 10, 2021, ON24 announced its second quarter 2021 financial results and offered disappointing guidance for the remainder of the year. Specifically, ON24 guided to revenue of no more than $48.5 million in Q3 and $204.5 million for fiscal year 2021, missing analyst consensus by $2.7 million and $4.5 million, respectively. During the Company's analyst call held that same day, Defendant Sharat disclosed that ON24 "experienced higher-than-expected churn and down-sell from customers [it] signed up in the second quarter of last year during the peak of COVID" and that "this higher churn was primarily in the first-time renewal cohort, customers who signed [one-year] contracts last year and who were up for renewal."

On this news, ON24's stock price declined nearly 31%, from $32.31 per share on August 10, 2021, to close at $22.31 per share on August 11, 2021. By the commencement of this action, ON24's stock traded as low as $18.66 per share, a nearly 63% decline from the $50 per share IPO price.

## III. PROCEDURAL BACKGROUND

On November 3, 2021, Plaintiff James Douvia commenced the above-captioned securities class action lawsuit against ON24 and certain of its officers and directors, and the underwriters of the IPO, captioned *Douvia v. ON24, Inc., et al.*, Case No. 3:21-cv-08578 (the "*Douvia* Action").

On November 10, 2021, Plaintiffs Anna L. Goemer and Gregory C. Goemer commenced a substantially similar action against ON24 and certain of its officers and directors, captioned *Goemer v. ON24, Inc., et al.*, Case No. 4:21-cv-08744 (the "*Goemer* Action," and together with the *Douvia* Actions, the "Related Actions").

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they both involve the same subject matter and present the same legal issues. Each action alleges violations of the Securities Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B. Pierce Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Pierce has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Pierce, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Pierce respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the

plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. Pierce's Motion Is Timely

Pierce has made a timely motion in response to a PSLRA early notice. On November 3, 2021, pursuant to Section 27(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Pierce had sixty days (*i.e.*, until January 3, 2022) to file a motion to be appointed as Lead Plaintiff. As a purchaser of ON24 securities pursuant and/or traceable to the IPO, Pierce is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

### 2. Pierce Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Pierce believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Pierce suffered substantial financial harm. *See* Linehan Decl., Ex. C (Financial Interest Analysis). To the best of his knowledge, Pierce is not aware of any other class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Pierce believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Pierce Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23

of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

### a) Pierce's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Pierce's claims are typical of the claims asserted by the proposed class. Like all members of the Class, Pierce alleges that the defendants' material misstatements and omissions concerning ON24's business, operations, and financial prospects violated the federal securities laws.

---

Pierce, like all members of the class, purchased ON24 securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Pierce's interests and claims are typical of the interests and claims of the class.

### b) Pierce Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

Here, Pierce easily satisfies the adequacy requirements. Pierce's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Pierce is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Pierce has been managing his own investments for approximately 30 years. He is the Chief Technology Officer at a company based in Austin, Texas, and was in the United States Air Force from 1984 to 1990. Moreover, Pierce has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (the firm's résumé). Pierce is not aware of any conflict between his claims and those asserted on behalf of the Class. Therefore Pierce satisfies the typicality and adequacy requirements of Rule 23.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001

WL 861694, at *4. Here, Pierce has selected GPM as lead counsel for the class. As reflected by the firm's résumé, attached to the Linehan Decl. as Ex. D, the Court may be assured that, by granting Pierce's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Pierce's selection of counsel.

## V. CONCLUSION

For the foregoing reasons, Michael Pierce respectfully asks the Court to grant his motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing Pierce as Lead Plaintiff; (iii) approving Pierce's selection of GPM as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED: January 3, 2022                    Respectfully submitted,

                                          **GLANCY PRONGAY & MURRAY LLP**
                                          By:  _/s/ Charles H. Linehan_
                                          Robert V. Prongay
                                          Charles H. Linehan
                                          Pavithra Rajesh
                                          1925 Century Park East, Suite 2100
                                          Los Angeles, California 90067
                                          Telephone:  (310) 201-9150
                                          Facsimile:  (310) 201-9160
                                          Email:  clinehan@glancylaw.com

                                          *Counsel for Lead Plaintiff Movant Michael Pierce and*
                                          *Proposed Lead Counsel for the Class*

## **<u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On January 3, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 3, 2022, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan
