Melissa A. Fortunato (SBN #319767)
Marion C. Passmore (SBN #228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
          passmore@bespc.com

*Counsel for Movant ON24 Investor Group*
*and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JAMES DOUVIA, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>ON24, INC., SHARAT SHARAN, STEVEN VATTUONE, IRWIN FEDERMAN, DENISE PERSSON, HOLGER STAUDE, DOMINIQUE TREMPONT, BARRY ZWARENSTEIN, GOLDMAN SACHS & CO., LLC, J.P. MORGAN SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., ROBERT W. BAIRD & CO. INCORPORATED, CANACCORD GENUITY LLC, NEEDHAM & COMPANY, LLC, PIPER SANDLER & CO., and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>                              Defendants.<br><br>[Caption continued on next page.] | Case No. 4:21-cv-08578-YGR<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          February 8, 2022<br>Time:          2:00 p.m.<br>Courtroom:  1 – 4th Floor<br>Judge:         Honorable Yvonne Gonzalez Rogers |

Case No. 4:21-cv-08578-YGR

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

ANNA L. GOEMER and GREGORY C. GOEMER, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

ON24, INC., SHARAT SHARAN, STEVEN VATTUONE, IRWIN FEDERMAN, DENISE PERSSON, HOLGER STAUDE, DOMINIQUE TREMPONT, and BARRY ZWARENSTEIN,

Defendants.

Case No. 4:21-cv-08744-HSG

CLASS ACTION

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION .................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................................2

I.    SUMMARY OF ARGUMENT ...............................................................................................2

II.   STATEMENT OF ISSUES TO BE DECIDED ....................................................................3

III.  FACTUAL BACKGROUND..................................................................................................3

IV.   ARGUMENT............................................................................................................................5

      A.    Consolidation of the Actions Is Appropriate ...................................................5

      B.    The Court Should Appoint Movant as Lead Plaintiff.......................................6

            1.    The Procedure Required by the PSLRA ...............................................6

            2.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ..........7

            3.    Movant Meets Rule 23's Typicality and Adequacy Requirements ....8

      C.    Movant's Choice of Counsel Should Be Approved........................................10

V.    CONCLUSION.......................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.*,
No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873
(N.D. Cal. Nov. 18, 2013)................................................................................................3

*Booth v. Strategic Realty Tr., Inc.*,
No. 13-cv-4921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) .............................8

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...............................................................................2, 7, 8, 9

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416 (N.D. Cal. May 29, 2013) .......................9

*Crawford v. Honig,*
37 F.3d 485 (9th Cir. 1994) ...............................................................................................10

*Deinnocentis v. Dropbox, Inc.*,
No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) .......................8, 9

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ............................................................................................9

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990).........................................................................................5, 6

*Johnson v. OCZ Tech. Grp.*,
No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) .....................7, 8, 10

*Karinski v. Stamps.com, Inc.*,
No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879 (C.D. Cal. June 5, 2019).............................10

*Krieger v. Atheros Commc'ns*,
No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521 (N.D. Cal. Dec. 12, 2011) ....................9

*Mitchell v. Complete Mgmt., Inc.*,
No. 99 Civ. 1454 (DAB), 1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept.17, 1999) ......................6

*Primavera Familienstifung v. Askin*,
173 F.R.D. 115 (S.D.N.Y. 1997) ........................................................................................6

*Vataj v. Johnson*,
No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020)...........................9

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. Mar. 9, 2001)...........................................................................5

**Statutes**

15 U.S.C. § 77z-1(a)(3)....................................................................................*passim*

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES

**Rules**

Fed. R. Civ. P. 23(a) ......................................................................................................................*passim*

Fed. R. Civ. P. 42(a) ...................................................................................................................3, 5, 6

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

## <u>NOTICE OF MOTION AND MOTION</u>

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 8, 2022, at 2:00 p.m., or as soon as counsel may be heard, before the Honorable Yvonne Gonzalez Rogers, at the United States District Court for the Northern District of California, Oakland Federal District Courthouse, 1301 Clay Street, Courtroom 1 – 4th Floor, Oakland, California 94612, movants Richard Kaufmann, Ahmet Neccaroglu, and David Marotta (collectively, the "ON24 Investor Group" or "Movant") will and hereby do respectfully move this Court for an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3), on behalf of a putative class consisting of all persons and entities, other than defendants, that purchased, or otherwise acquired, ON24, Inc. ("ON24" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's February 3, 2021 initial public offering (the "Class"); (3) approving Movant's selection of the law firm Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel for the putative Class; and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Movant believes it is the "most adequate plaintiff" under the PSLRA and, therefore, should be appointed Lead Plaintiff. Specifically, Movant believes that it has the "largest financial interest" in the relief sought by the Class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of other members of the Class and because it will fairly and adequately represent the Class.

This Motion is made and based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Melissa A. Fortunato, the [Proposed] Order Consolidating the Actions, Appointing Movant as Lead Plaintiff, and Approving Movant's Selection of BES as Lead Counsel, and such other materials, evidence, and argument as may be presented at or prior to a hearing on the Motion.

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Movants Richard Kaufmann, Ahmet Neccaroglu, and David Marotta (collectively, the "ON24 Investor Group" or "Movant") hereby respectfully submit this Memorandum of Points and Authorities in support of their Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2013).

## I.   SUMMARY OF ARGUMENT

Currently pending in this District are two securities class action lawsuits (together, the "Actions")[1] brought on behalf of a "Class" consisting of all persons and entities, other than Defendants (defined below), that purchased, or otherwise acquired, ON24, Inc. ("ON24" or the "Company") common stock pursuant and/or traceable to the registration statement and prospectus (the "Offering Documents") issued in connection with the Company's February 3, 2021 initial public offering (the "IPO" or the "Offering").  The Actions allege violations of Sections 11, 12, and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, against ON24 and certain of the Company's senior officers and directors who signed the Registration Statement, and certain underwriters of the Offering (collectively, the "Defendants").

The PSLRA creates a rebuttable presumption that the Court should appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Movant suffered a financial loss of approximately $37,620.50 on its purchases of ON24 common stock, using a last-in-

---

[1]  The actions are *Douvia v. ON24, Inc., et al.*, Case No. 4:21-cv-08578-YGR, filed on November 3, 2021 (the "*Douvia* Action") and *Goemer, et al. v. ON24, Inc., et al.*, Case No. 4:21-cv-08744, filed November 10, 2021.

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

first-out ("LIFO") analysis.[2] *See Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *6-7 (N.D. Cal. Nov. 18, 2013) (comparing losses when determining largest financial interest and appointing movant with "substantially larger" loss). As Movant has the largest loss and thus the largest financial interest recoverable by the Class, it is the presumptive lead plaintiff in the Actions. Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and that it will fairly and adequately represent the interests of the Class. As such, Movant satisfies the standard under the PSLRA to be appointed as Lead Plaintiff.

Accordingly, Movant respectfully requests that the above-captioned Actions be consolidated, Movant be appointed Lead Plaintiff, and its selection of BES be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Actions should be consolidated pursuant to Federal Rules of Civil Procedure 42(a);

2. Whether the Court should appoint Movant as Lead Plaintiff under the PSLRA; and

3. Whether the Court should approve Movant's selection of BES as Lead Counsel for the proposed Class.

## III. FACTUAL BACKGROUND[3]

ON24 purports to be a leading, cloud-based digital experience platform that enables businesses to convert customer engagement into revenue through interactive webinar experiences, virtual event experiences, and multimedia content experiences. ¶¶ 2, 15.

From January 1, 2020 through September 30, 2020, ON24's platform powered more than 159,000 interactive, live digital experiences, engaged an average of four million prospective customers

---

[2] Signed PSLRA certifications identifying the transactions of each member of the ON24 Investor Group pursuant and/or traceable to the Offering Documents, as required by the PSLRA, as well as a chart calculating their losses, and a joint declaration executed by the ON24 Investor Group members evidencing their intention to pursue the Actions in a cohesive and collaborative manner, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl." or "Fortunato Declaration"), as Exhibits 1, 2, and 3, respectively.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint, originally filed on November 3, 2021 (the "Complaint") in the *Douvia* Action. ECF No. 1. The allegations set forth in the Complaint are incorporated herein by reference.

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

and business professionals monthly, representing an increase of 174% year-over-year, and facilitated a monthly average of 12 million prospective customer interactions in the same time period, representing an annual run rate of 2.45 billion engagement minutes for an increase of 167% year-over-year. ¶¶ 2, 43.

As of September 30, 2020, ON24 had over 1,900 customers in more than 40 countries, including three of the five largest global technology companies, four of the five largest U.S. banks, three of the five largest global healthcare companies, and three of the five largest global industrial and manufacturing companies, in each case measured by 2019 revenue. ¶¶ 2, 44.

On October 27, 2020, ON24 filed with the U.S. Securities and Exchange Commission (the "SEC") a confidential draft registration statement on Form S-1, which would be used for the IPO following a series of amendments in response to SEC comments. ¶ 41. On January 25, 2021, ON24 filed its final amendment to the Registration Statement, which registered over nine million ON24 shares for public sale. *Id*.

On or about February 3, 2021, ON24 conducted its IPO, offering 8,560,930 shares of its common stock to the public at a price of $50 per share (the "Offering Price") for anticipated proceeds of approximately $428,046,500. ¶¶ 3, 41.

According to the Offering Documents, ON24's cloud-based platform, developed to enable "enterprise-grade" scalability, affords customers, namely large enterprise customers ("$100K Customers"), representing a "substantial portion of [ON24's] business," the ability to make privacy and compliance choices that align to their needs as well as integrations with a broad ecosystem to third-party applications. ¶¶ 4, 43. As of December 31, 2019, ON24 had 1,401 customers, of which, 144 were $100k Customers. ¶ 4. As of September 30, 2020, ON24 had 1,918 customers, of which, 271 were $100k Customers. *Id*. This increase resulted in ON24 "experience[ing] significant revenue growth during 2020," and was driven by "increase[ed] demand for [ON24's] platform and products following the onset of the COVID-19 pandemic and resulting precautionary measures." *Id*. ON24's effort to acquire new customers and "retain and expand" the use of ON24's solutions "across [its] existing customer" base, were both also credited for driving the Company's growth. *Id*.

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

Unbeknownst to investors, however, the Offering Documents representations were materially inaccurate, misleading, and/or incomplete because they failed to disclose, *inter alia*, that the surge in COVID-19 customers ON24 observed in the lead up to the IPO consisted of a significant number that did not fit ON24's traditional customer profile and, as a result, were significantly less likely to renew their contracts. ¶¶ 5, 46.

On August 10, 2021, after the markets closed, ON24 announced its second quarter 2021 financial results which included revenue guidance of no more than $48.5 million for the third quarter of 2021 and $204.5 million for fiscal year 2021, missing analyst consensus by $2.7 million and $4.5 million respectively. ¶ 50. Defendant Sharat Sharan admitted that ON24 "experienced higher-than-expected churn and down-sell from customers [it] signed up in the second quarter of last year during the peak of COVID" and added that "this higher churn was primarily in the first-time renewal cohort . . . ." ¶ 51.

On this news, ON24's stock declined nearly 31%, falling from $32.31 per share on August 10, 2021, to close at $22.31 per share on August 11, 2021. ¶ 55. By the commencement of the *Douvia* Action, ON24's shares traded as low as $18.66 per share, a decline of nearly 63% from the Offering Price. ¶¶ 6, 56.

## IV.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990)). Consolidation is particularly appropriate in securities class action

litigation.  *See Mitchell v. Complete Mgmt., Inc.*, No. 99 Civ. 1454 (DAB), 1999 U.S. Dist. LEXIS 14460, at \*4-5 (S.D.N.Y. Sept. 15, 1999) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . .") (citation and internal quotations omitted); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions here present similar factual and legal issues, as they involve the same subject matter and are based on the same wrongful course of conduct.  Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to the Actions.  Accordingly, consolidation under Rule 42(a) is appropriate. *Celotex Corp.*, 899 F.2d at 1285.

**B.     The Court Should Appoint Movant as Lead Plaintiff**

**1.     The Procedure Required by the PSLRA**

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A).  The PSLRA requires the Court to consider, within 90 days of the publication date, all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA creates a rebuttable presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)     has either filed the complaint or made a motion in response to a notice;

(bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30.  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id*. at 741; 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *4-5 (N.D. Cal. Jan. 4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of its knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff.  Movant is also unaware of any unique defenses against it that Defendants could raise.  Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### 2.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because it satisfies all of the requirements of the PSLRA.  Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### a.    Movant Filed a Timely Motion

On November 3, 2021, the plaintiff in the *Douvia* Action caused a notice (the "Notice") to be published pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), which announced that a securities class action had been filed against Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[4]

---

[4] The Notice was published over *Globe Newswire*, a widely-circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 4 to the Fortunato Declaration.

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

Movant has reviewed the complaint and timely filed its motion within the statutory guidelines. *OCZ Tech.*, 2013 U.S. Dist. LEXIS 1610, at \*6; *see also* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) (to be considered as lead plaintiff, person can "either file[] the complaint or [make] a motion in response to a notice").

### b.      Movant Has the Largest Financial Interest in the Relief Sought

As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Fortunato Decl., Ex. 2. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Tr., Inc.*, No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501, at \*3-4 (N.D. Cal. Jan. 27, 2014) (citing *Cavanaugh*, 306 F.3d at 726-30).

Movant purchased ON24 common stock pursuant and/or traceable to Offering Documents at prices artificially inflated by Defendants' materially false and misleading statements and was injured thereby. Movant suffered a substantial loss of approximately $37,620.50. *See* Fortunato Decl., Ex. 2. Movant thus has the greatest financial interest in the outcome of the Actions. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.      Movant Meets Rule 23's Typicality and Adequacy Requirements

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732; *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

*10-11 (N.D. Cal. Jan. 16, 2020). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521, at *8 (N.D. Cal. Dec. 12, 2011). The Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *Dropbox*, 2020 U.S. Dist. LEXIS 8680, at *10-11.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### a.    Movant's Claims Are Typical of the Claims the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) it suffered the same injuries as the absent Class members; (ii) it suffered the injury as a result of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416, at *11 (N.D. Cal. May 29, 2013); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at *6 (N.D. Cal. Feb. 3, 2020). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situation shares a common issue of law or fact. *See id.*

In this case, the typicality requirement is met because Movant's claims are typical, if not identical to the Class, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired ON24 common stock pursuant and/or traceable to Offering Documents at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

### b.    Movant Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B); *see Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879, at *4 (C.D. Cal. June 5, 2019); *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses it suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See OCZ Tech.*, 2013 U.S. Dist. LEXIS 1610, at *8 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses). There is no evidence of any antagonism between Movant's interests and the Class's.

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and has submitted its choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

### C.    Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should not interfere with the lead plaintiff's selection of counsel unless it is necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

NOTICE OF MOTION AND MOTION OF THE ON24 INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

Movant has selected and retained BES as proposed Lead Counsel for the Class.  The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this, and are well-qualified to represent the Class.  *See* Fortunato Decl., Ex. 5 (BES firm résumé).

## V.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court:  (1) consolidate the above-captioned Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Actions; (3) approve BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: January 3, 2022                                     Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (SBN #319767)
Marion C. Passmore (SBN #228474)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
            passmore@bespc.com

*Counsel for Movants Richard Kaufmann, Ahmet Neccaroglu, and David Marotta (collectively, the "ON24 Investor Group") and Proposed Lead Counsel for the Class*