POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*the Goemer Family and Proposed*
*Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JAMES DOUVIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ON24, INC., SHARAT SHARAN, STEVEN VATTUONE, IRWIN FEDERMAN, DENISE PERSSON, HOLGER STAUDE, DOMINIQUE TREMPONT, BARRY ZWARENSTEIN, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., ROBERT W. BAIRD & CO. INCORPORATED, CANACCORD GENUITY LLC, NEEDHAM & COMPANY, LLC, PIPER SANDLER & CO., and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants. | Case No.: 4:21-cv-08578-YGR<br><br>NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date:  February 8, 2022<br>Time:  2:00 p.m.<br>Judge:  Hon. Yvonne Gonzalez Rogers<br>Courtroom:  1 – 4th Floor |

| ANNA L. GOEMER and GREGORY C. GOEMER, Individually and on Behalf of All Others Similarly Situated,<br><br>                                 Plaintiffs,<br><br>                 v.<br><br>ON24, INC., SHARAT SHARAN, STEVEN VATTUONE, IRWIN FEDERMAN, DENISE PERSSON, HOLGER STAUDE, DOMINIQUE TREMPONT, and BARRY ZWARENSTEIN<br><br>                                 Defendants. | Case No.: 4:21-cv-08744-HSG<br><br>CLASS ACTION |

# TABLE OF CONTENTS

NOTICE OF MOTION ...........................................................................................................1

SUMMARY OF ARGUMENT .............................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................3

     I.     PRELIMINARY STATEMENT ........................................................................3

     II.    STATEMENT OF FACTS ................................................................................5

     III.   ARGUMENT .....................................................................................................6

            A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...............6

            B.     THE GOEMER FAMILY SHOULD BE APPOINTED LEAD
                 PLAINTIFF .........................................................................................7

                 1.     The Goemer Family Is Willing to Serve as Class Representative .8

                 2.     The Goemer Family Is the Most Adequate Plaintiff
                      Within the Meaning of the PSLRA..................................................9

                       a.     The Goemer Family Has the Largest Financial
                            Interest in the Related Actions..........................................9

                       b.     The Goemer Family Otherwise Satisfies the
                            Requirements of Rule 23 .................................................10

            C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
                 APPROVED ........................................................................................13

     IV.   CONCLUSION.................................................................................................14

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
  No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ............................. 2, 10

*Douvia v. ON24, Inc. et al.*,
  No. 4:21-cv-08578 (N.D. Cal.), Dkt. No. 1 .......................................................... 11

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) .............................................................. 10

*In re Comverse Technology, Inc. Securities Litigation*,
  No. 06-CV-1825 (E.D.N.Y.).............................................................................. 13, 14

*In re Solar City Corp. Sec. Litig.*,
  No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ................................ 10

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ............................................................... 2, 10

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997).......................................... 2, 9, 10

*Mulligan v. Impax Lab'ys, Inc.*,
  No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013)................................... 1, 7

*Nicolow v. Hewlett Packard Co.*,
  No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .................................... 2, 10

*Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D.
  Cal. Apr. 26, 2001) ..................................................................................... 13

*Richardson v. TVIA, Inc.*,
  No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)............................. 1, 7, 11

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) .......................................................................... 12

*Tai Jan Bao v. SolarCity Corp.*,
  No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014)............................. 10

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
  No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb.
  21, 2012) ............................................................................................. 1, 7

ii

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

**Statutes**

15 U.S.C. § 77z-1(a)(3)................................................................................................................*passim*

15 U.S.C. § 78u-4(a)(3)(B)..............................................................................................................3, 13

Private Securities Litigation Reform Act of 1995 .............................................................*passim*

Securities Act of 1933..................................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ..........................................................................................................................*passim*

Fed. R. Civ. P. 42 ...........................................................................................................................1, 3, 7

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

**NOTICE OF MOTION**

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 8, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Yvonne Gonzalez Rogers, at the Oakland Federal District Courthouse, 1301 Clay Street, Courtroom 1, Fourth Floor, California 94612, Anna L. Goemer and Gregory C. Goemer (the "Goemer Family") will and hereby do respectfully move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"), and Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the Goemer Family as Lead Plaintiff on behalf of a class consisting of all persons and entities that purchased, or otherwise acquired, ON24, Inc. ("ON24" or the "Company") common stock issued in connection with the Company's initial public offering (the "IPO" or the "Offering") (the "Class"); and (3) approving the Goemer Family's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

**SUMMARY OF ARGUMENT**

To the extent that this motion seeks consolidation, it is made on the grounds that the Related Actions are putative class actions alleging violations of the federal securities laws by overlapping defendants arising from the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law and fact, and their consolidation pursuant to Rule 42(a) is appropriate and warranted. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Lab'ys, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *2-*3 (N.D. Cal. July 2, 2013); *Woburn Ret.*

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

*Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

To the extent that this motion seeks appointment of the Goemer Family as Lead Plaintiff, this motion is made on the grounds that the Goemer Family is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates the Goemer Family's appointment as Lead Plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(i). The Goemer Family believes that it is entitled to a rebuttable presumption favoring its appointment, since it has the "largest financial interest" in the relief sought by the Class in the Related Actions by virtue of, *inter alia*, its losses of approximately $6,697, which were suffered as a result of Defendants' wrongful conduct as alleged in the Related Actions. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997) (determining financial interest by (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same). As the movant, to its knowledge, with the largest financial interest in the Related Actions, the Goemer Family believes it is presumptively the most adequate lead plaintiff within the meaning of the PSLRA.

The Goemer Family also satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because its claims are typical of the claims of other putative Class members and because it will fairly and adequately represent their interests.

In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. The Goemer Family's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously under the Goemer Family's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. in Support of Motion ("Pafiti Decl."), and all exhibits thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Presently pending in this District are two actions (the Related Actions) collectively alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k, 77*l*(a)(2), and 77o), on behalf of a class consisting of all persons and entities, other than the above-captioned defendants ("Defendants") and their affiliates, who purchased ON24 common stock issued in connection with the Company's IPO. The Goemer Family hereby moves for these two actions to be consolidated pursuant to Rule 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the one that possesses the "largest

financial interest" in the outcome of the litigation and that satisfies the requirements of Rule 23. *Id.* The Goemer Family believes that it should benefit from a rebuttable presumption arising from its having the largest financial interest in this litigation. The Goemer Family purchased 274 shares of ON24 common stock issued in connection with the Company's IPO, expended $15,460 on its purchases, and, as a result of Defendants' wrongful conduct as alleged in the Related Actions, incurred losses of approximately $6,697 in connection with its purchases of ON24 common stock issued in connection with the Company's IPO. *See* Pafiti Decl., Ex. A.

Beyond its significant financial interest, the Goemer Family also meets the applicable requirements of Rule 23 because its claims are typical of absent Class members and because it will fairly and adequately represent the interests of the Class.

To fulfill its responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, the Goemer Family has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the U.S., as well as an $80 million recovery on behalf of investors in Yahoo! securities. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Based on its being the "most adequate plaintiff," its significant financial interest, its satisfaction of Rule 23 requirements, and its commitment to overseeing the Related Actions, the Goemer Family respectfully requests that the Court enter an order appointing it as Lead Plaintiff for the Class and approving its selection of Pomerantz as Lead Counsel for the Class.

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

## II.    STATEMENT OF FACTS

As alleged in the Complaints of the Related Actions, ON24 purports to be a leading, cloud-based digital experience platform that enables businesses to convert customer engagement into revenue through interactive webinar experiences, virtual event experiences, and multimedia content experiences.  From January 1, 2020 through September 30, 2020, ON24's platform powered more than 159,000 interactive, live digital experiences, engaged an average of four million prospective customers and business professionals monthly, representing an increase of 174% year-over-year, and facilitated a monthly average of 12 million prospective customer interactions in the same time period, representing an annual run rate of 2.45 billion engagement minutes for an increase of 167% year-over-year.  As of September 30, 2020, ON24 had over 1,900 customers in more than 40 countries, including three of the five largest global technology companies, four of the five largest U.S. banks, three of the five largest global healthcare companies, and three of the five largest global industrial and manufacturing companies, in each case measured by 2019 revenue.

On or about February 3, 2021, ON24 conducted its IPO, offering 8,560,930 shares of its common stock to the public at a price of $50 per share (the "Offering Price") for anticipated proceeds of approximately $428,046,500.

According to ON24's Registration Statement and Prospectus (collectively, the "Offering Documents"), filed with the U.S. Securities and Exchange Commission on January 8, 2021 and February 4, 2021, respectively, including all amendments thereto, ON24's cloud-based platform, developed to enable "enterprise-grade" scalability, affords customers, namely large enterprise customers ("$100K Customers"), representing a "substantial portion of [ON24's] business," the ability to make privacy and compliance choices that align to their needs as well as integrations

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

with a broad ecosystem to third-party applications.  As of December 31, 2019, ON24 had 1,401 customers, of which, 144 were $100k Customers.  As of September 30, 2020, ON24 had 1,918 customers, of which, 271 were $100k Customers.  This increase resulted in ON24 "experience[ing] significant revenue growth during 2020," and was driven by "increase[ed] demand for [ON24's] platform and products following the onset of the COVID-19 pandemic and resulting precautionary measures."  ON24's effort to acquire new customers and "retain and expand" the use of ON24's solutions "across [its] existing customer" base, were both also credited for driving the Company's growth.

Unbeknownst to investors, however, the Offering Documents' representations were materially inaccurate, misleading, and/or incomplete because they failed to disclose, *inter alia*, that the surge in COVID-19 customers ON24 observed in the lead up to the IPO consisted of a significant number that did not fit ON24's traditional customer profile and, as a result, were significantly less likely to renew their contracts.

As these true facts emerged after the Offering, the Company's shares fell sharply.  By the commencement of the first-filed of the Related Actions, ON24's shares traded as low as $18.66 per share, a decline of nearly 63% from the Offering Price.

The plaintiffs in the Related Actions, on behalf of themselves and other members of the Class who also acquired ON24's shares pursuant and traceable to the Offering, now seek to obtain a recovery for the damages suffered as a result of Defendants' violations of the Securities Act.

### III.    ARGUMENT

#### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson*, 2007 WL 1129344, at *2; *Mulligan*, 2013 WL 3354420, at *2-*3; *Woburn*, 2012 U.S. Dist. LEXIS 21590, at *9.

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed."  15 U.S.C. 77z-1(a)(3)(A)(ii).   As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 11 and 15 of the Securities Act by overlapping defendants arising from the public dissemination of false or misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

**B.     THE GOEMER FAMILY SHOULD BE APPOINTED LEAD PLAINTIFF**

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on November 3, 2021 (*see* Pafiti Decl., Ex. B).  *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).  The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(i)-(ii).  The Goemer Family's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 77z-1(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

the court determines to be most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')." 15 U.S.C. § 77z-1(a)(3)(B)(i). The Goemer Family is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a motion for appointment as lead plaintiff; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa)-(cc). As set forth below, the Goemer Family satisfies all three of these criteria and thus believes that it is entitled to the rebuttable presumption that it is the most adequate plaintiff within the meaning of the PSLRA. Specifically, the Goemer Family is willing to serve as Lead Plaintiff, has the largest financial interest of any movant in the Related Actions to its knowledge, and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, the Goemer Family respectfully urges the Court to appoint it to serve as Lead Plaintiff overseeing the Related Actions.

### 1. The Goemer Family Is Willing to Serve as Class Representative

On November 3, 2021, counsel for the plaintiff in the first-filed of the Related Actions caused a notice (the "Notice") to be published over *Globe Newswire* pursuant to Section 27(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and which advised investors in ON24 common stock that they had until January 3, 2021—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B. The Goemer Family has filed the instant motion pursuant to the Notice,

and has attached Certifications executed by its members attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Under the PSLRA, the Goemer Family's actions were timely and legally sufficient.  Accordingly, the Goemer Family readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The Goemer Family Is the Most Adequate Plaintiff Within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 77z-1(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')."  *See* 15 U.S.C. § 77z-1(a)(3)(B)(i).  The Goemer Family is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

#### a. The Goemer Family Has the Largest Financial Interest in the Related Actions

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii).  To the best of its knowledge, the Goemer Family has the largest financial interest of any ON24 investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  1997 WL 461036, at *5.  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

Circuit, including in this District. *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4 ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys.*, 2012 WL 78780, at *4 (same); *Knox*, 136 F. Supp. 3d at 1163 (same).

Pursuant and/or traceable to the Offering Documents issued in connection with the Company's IPO, the Goemer Family: (1) purchased 274 shares of ON24 common stock; (2) expended $15,460 on its purchases of ON24 common stock; and (3) as a result of Defendants' wrongful conduct as alleged in the Related Actions, incurred losses of approximately $6,697 in connection with its purchases of ON24 common stock issued in connection with the Company's IPO. *See* Pafiti Decl., Ex. A. Thus, under the *Lax* factors, the Goemer Family believes that it has the largest financial interest among any lead plaintiff movants in the Related Actions, thereby entitling the Goemer Family to a rebuttable presumption that it is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb)), given that it also satisfies the requirements of Rule 23.

### b. The Goemer Family Otherwise Satisfies the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that the movant is the "most adequate plaintiff," the movant must also demonstrate that it "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In*

*re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).  The Goemer Family readily passes muster.

Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Rule 23(b)(3) adds that common questions must predominate over any questions affecting only individual class members and that a class action must be superior to other available methods for fairly and efficiently adjudicating the case.  *See* Fed. R. Civ. P. 23(b)(3). Here, the Complaints in the Related Actions plead Rule 23(a)(1) numerosity (*see Douvia v. ON24, Inc. et al.*, No. 4:21-cv-08578 (N.D. Cal.) ("*Douvia* Action"), Dkt. No. 1 ¶ 60; *Goemer et al. v. ON24, Inc. et al.*, No. 4:21-cv-08744 (N.D. Cal.) ("*Goemer* Action"), Dkt. No. 1 ¶ 44), Rule 23(a)(2) common questions (*see Douvia* Action, Dkt. No. 1 ¶ 62; *Goemer* Action, Dkt. No. 1 ¶ 46), and Rule 23(b)(3) predominance (*see Douvia* Action, Dkt. No. 1 ¶ 62; *Goemer* Action, Dkt. No. 1 ¶ 46) and superiority (*see Douvia* Action, Dkt. No. 1 ¶ 63; *Goemer* Action, Dkt. No. 1 ¶ 47) in a manner common to all lead plaintiff candidates.  The sufficiency of these allegations is not upset by any facts uniquely concerning the Goemer Family.

The Goemer Family satisfies the threshold for Rule 23(a)(3) typicality.  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Richardson*, 2007 WL 1129344, at *4 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  The Goemer Family's claims are typical of those of the Class members.  Like all Class members, the Goemer Family alleges

that: (1) Defendants violated the Securities Act by making false or misleading statements of material facts and/or by omitting to disclose material facts concerning ON24; (2) the Goemer Family and the Class members purchased ON24 common stock issued in connection with the Company's IPO at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) the Goemer Family and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove ON24's share price downward. These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate the Goemer Family's typicality under Rule 23(a)(3).

The Goemer Family also satisfies the Rule 23(a)(4) adequacy requirement. In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted). Here, the Goemer Family has submitted Certifications executed by its members declaring their commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. The Goemer Family has no conflicts of interest or antagonism with the Class of ON24 investors it seeks to represent. The Goemer Family's significant losses from its purchases of ON24 common stock issued in connection with the Company's IPO demonstrate that it has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Indeed, the Goemer Family has already demonstrated its ability to pursue securities claims through its choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side

securities litigation firms, as discussed in greater detail in Section III.C., *infra*.  The Goemer Family's and Pomerantz's willingness and ability to zealously litigate the claims in the Related Actions on behalf of the Class cannot reasonably be questioned.

Further demonstrating the Goemer Family's adequacy, its members—a married couple—have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D.

### C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with the Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

The Goemer Family has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Pafiti Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id.*

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* As a result of its extensive experience in similar litigation, the Goemer Family's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously. The Court may be assured that by approving the Goemer Family's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, the Goemer Family respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.    CONCLUSION

For the foregoing reasons, the Goemer Family respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Goemer Family as Lead Plaintiff for the Class; and (3) approving the Goemer Family's selection of Pomerantz as Lead Counsel for the Class.

Dated:  January 3, 2022                    Respectfully submitted,


POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant the Goemer
Family and Proposed Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG

**PROOF OF SERVICE**

I hereby certify that on January 3, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

16

NOTICE OF MOTION AND MOTION OF THE GOEMER FAMILY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 4:21-cv-08578-YGR; 4:21-cv-08744-HSG