**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES DOUVIA,**<br><br>    Plaintiff,<br><br>vs.<br><br>**ON24, INC., ET AL.,**<br><br>    Defendants. | CASE NO. 21-cv-8578-YGR<br><br>**ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL**<br><br>Re: Dkt. Nos. 29, 33, 35, 36, 47, 49 and 55. |
| **ANNA L. GOEMER, ET AL.**<br><br>    Plaintiff,<br><br>vs.<br><br>**ON24, INC., ET AL.,**<br><br>    Defendants. | CASE NO. 21-cv-8744-YGR |

Now before the Court is movant Leadersel Innotech ESG's ("Leadersel Innotech") motion to consolidate related cases *James Douvia, v. ON24, Inc. et al.*, 21-cv-8578-YGR ("*Douvia*"), and *Anna L. Goemer, et al., v. ON24, Inc.*, 21-cv-8744-YGR ("*Goemer*") (together, the "Related Actions"), for appointment of lead plaintiff, and for approval of selection of lead counsel.[1] (Dkt. No. 33 ("Motion").) For the reasons set forth below, Leadersel Innotech's motion is **GRANTED**.[2]

**I.    CONSOLIDATION**

Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court

---

[1] Movants Paul Yoon (Dkt. No. 29), City of Pensacola Police Officers' Retirement Plan (Dkt. No. 35), Michael Pierce (Dkt. No. 47), Richard Kaufmann, Ahmet Neccaroglu, and David Marotta (collectively, the "ON24 Investor Group" or "Movant") (Dkt. No. 49), and Anna L. Goemer and Gregory C. Goemer (the "Goemer Family") (Dkt. No. 55) also filed competing motions to consolidate, for appointment of lead plaintiff, and for approval of selection of lead counsel. Following the filing of Leadersel Innotech's motion and review of the moving papers, all other movants have either withdrawn their motions or filed a statement of non-opposition to Leadersel Innotech's motion. *See* Dkt Nos. 60-64. The motion is thereby unopposed.

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the motion hearing set for **FEBRUARY 8, 2022**.

must decide whether to consolidate the Related Actions prior to selecting a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Federal courts have "broad discretion . . . to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *see also* Fed. R. Civ. P. 42(a)(2) (noting that a district court "may" consolidate actions if they "involve a common question of law or fact"). Further, the PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims . . . has been filed . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The Court concludes that consolidation is warranted here. *Douvia* and *Goemer* bring claims against substantially similar defendants, and both allege violations of Sections 11 and 15 of the Securities Act of 1933, based upon the same types of misstatements by defendant ON24, Inc. and certain of its senior officers regarding the growth of the business and the source of its new customers. (*Compare Douvia* Compl., Dkt. No. 1, *with Goemer's* Compl., Dkt. No. 1.) Though the causes of actions are not identical—the *Douvia* complaint also includes a claim for violation under Section 12 of the Securities Act of 1933, while *Goemer* does not — both actions include two of the same causes of action based on the same statements and involve all persons who purchased common stock issued in connection with ON24's Initial Public Offering ("IPO"). The Related Actions thus present questions of law and fact that overlap almost completely.[3]

Accordingly, the Related Actions should be consolidated.

## II. APPOINTMENT OF LEAD PLAINTIFF

The PSLRA instructs district courts "to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). The "most capable" plaintiff is generally "the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23." *Id.* "In other words, the district court must

---

[3] *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

compare the financial stake of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information [plaintiff] has provided in [its] pleadings and declarations, whether [it] satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id*. at 730.

Leadersel Innotech submitted a declaration certifying that it suffered losses of approximately $2,166,535.07 on its investments in ON24 common stock. (*See* Dkt. No. 33-1-3.) The Court has reviewed the supporting materials and finds that Leadersel Innotech has alleged the most financial loss.

Next, Leadersel Innotech has made a *prima facie* showing of typicality and adequacy under Rule 23(a). The typicality requirement is readily satisfied as Leadersel Innotech's claims arise out of the same events and are based on the same legal theories as the claims of other class members. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."). The Court is similarly satisfied that Leadersel Innotech will adequately represent the interests of class members. Based on the Firm resume of Labaton Sucharow (*see* Dkt. No. 33-5), Leadersel Innotech's attorneys appear competent and there is no suggestion of any antagonistic interests or collusive action. As the plaintiff with the highest financial interest, Leadersel Innotech has a strong incentive to pursue vigorously a substantial recovery for all putative class members. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.") (citing *in re N. Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

Accordingly, the Court finds that Leadersel Innotech is the appropriate lead plaintiff.

### III. APPROVAL OF SELECTION OF LEAD COUNSEL

Section 78u-4(a)(3)(B)(v) provides: "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." Here, Leadersel Innotech has selected Labaton Sucharow to serve as lead counsel. (Motion at 8.) Leadersel Innotech

appears to have significant experience litigating securities class actions. (Dkt. No. 33-5.) Because Leadersel Innotech has made a "reasonable choice of counsel," the Court will "defer to that choice." *See Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

IV.   **CONCLUSION**

In sum, for the foregoing reasons, the Court **GRANTS** Leadersel Innotech's motion to consolidate the *Douvia* and *Goemer* actions, for appointment as lead plaintiff, and for approval of selection of lead counsel. The Court thus **CONSOLIDATES** the two Related Actions for all purposes (the "Consolidated Action"), **APPOINTS** Leadersel Innotech as lead plaintiff of the Consolidated Action, and **APPOINTS** Labaton Sucharow as lead counsel to represent the putative class in the Consolidated Action. A consolidated complaint shall be filed within **21 days** of this Order, and any responsive pleadings shall be filed within **35 days** thereafter.

The Clerk is directed to consolidate *James Douvia, v. ON24, Inc. et al.*, 21-cv-8578-YGR and *Anna L. Goemer, et al., v. ON24, Inc.*, 21-cv-8744-YGR for all purposes. The consolidated action shall be captioned "*In re ON24, Inc. Securities Litigation*," 21-cv-8578-YGR. All files shall now be kept in one "lead case" or "master case" file. The Clerk shall also close 21-cv-8744-YGR, and all future filings shall be lodged in 21-cv-8578-YGR. The caption in 21-cv-8578-YGR shall be updated to reflect all the parties who have appeared in both actions. To the extent future cases are filed that may be related, the parties shall follow the procedures outlined in Civil Local Rule 3-12. The parties may also file stipulations or motions to consolidate if appropriate.

This Order terminates Docket Numbers 29, 33, 35, 36, 47, and 55.

**IT IS SO ORDERED.**

Dated: February 3, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4