Anna Erickson White (CA SBN 161385)
AWhite@mofo.com
David J. Wiener (CA SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
ON24, INC., SHARAT SHARAN, STEVEN
VATTUONE, IRWIN FEDERMAN, DENISE
PERSSON, HOLGER STAUDE, DOMINIQUE
TREMPONT, and BARRY ZWARENSTEIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re ON24, Inc. Securities Litigation | Case No.   4:21-cv-08578-YGR |
| | **ON24 DEFENDANTS' REQUEST FOR COSIDERATION OF DOCUMENTS INCORORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE** |
| | Judge: Hon. Yvonne Gonzalez Rogers<br>Date: August 16, 2022<br>Time: 2:00 p.m.<br>Courtroom: 1 – 4th Floor |

The ON24 Defendants have moved to dismiss (the "Motion") Plaintiff's Consolidated Class Action Complaint for Violation of the Federal Securities Laws, Dkt. No. 80 (the "Complaint"). In support of their Motion, the ON24 Defendants request that the Court consider certain documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of David Wiener (the "Wiener Declaration").

**ARGUMENT**

When ruling on a motion to dismiss a securities complaint, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008). "If a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss." *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

A court must also consider "matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322. Federal Rule of Evidence 201 authorizes judicial notice of facts that are "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

**Exhibits 1 through 8** to the Wiener Declaration meet one or more of the foregoing standards, as discussed below. Accordingly, this Court should consider these documents when ruling on the ON24 Defendants' Motion to Dismiss. *Tellabs*, 551 U.S. at 322; *see also* Fed. R. Evid. 201(c)(2) (stating a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

**I.    THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT.**

The Court should consider documents incorporated by reference in the Complaint. *Tellabs*, 551 U.S. at 322. The incorporation by reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those

very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

A document is incorporated by reference "if the plaintiff refers extensively to the document." *Orexigen*, 899 F.3d at 1002. A document also is incorporated by reference when it "forms the basis of the plaintiff's claim." *Id*. That is true even where the complaint does not directly refer to the document. *Id*. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see City of Royal Oak Ret. System v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012).

In evaluating claims under the Securities Act, the Ninth Circuit and Supreme Court also have cautioned that alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996). Plaintiff must demonstrate that a factual omission would cause a reasonable person to be misled if the alleged misstatements are read "fairly and in context," that is, "in light of all [their] surrounding text, including hedges, disclaimers, and apparently conflicting information," as well as "the customs and practices of the relevant industry." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190, 194 (2015). Accordingly, documents alleged to contain false or misleading statements must necessarily be considered in full by a court determining a motion to dismiss a securities class action.

Plaintiff cites and refers to Exhibits 1-2 and 5-7 in the Complaint. Moreover, Exhibits 1 and 2 are documents from which the Plaintiff has excerpted the challenged statements. Plaintiff also refers to and necessarily relies on Exhibits 1-2 and 5-7 in support of the Complaint's allegations. The Court should consider the contents of these documents, all of which are incorporated by reference in the Complaint, as summarized in the following table.

| Ex. | Description | Complaint ¶¶ |
|---|---|---|
| 1 | ON24's Form S-1 Registration Statement, as filed with the SEC on January 8, 2021, and amended on January 25, 2021 | 69, 73-76, 144-46, 149-53, 157-61 |
| 2 | ON24's Initial Public Offering Prospectus, filed on SEC Form 424B4 on February 4, 2021 | 69-71, 73-76, 144-46, 149-53, 157-61 |
| 5 | ON24's Form 8-K, as filed with the SEC on August 10, 2021 | 163-64 |
| 6 | ON24's Form 8-K, as filed with the SEC on November 9, 2021 | 178 |
| 7 | ON24's Form 8-K, as filed with the SEC on February 28, 2022 | 189-90 |

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF ON24'S SEC FILINGS.

The Court may take judicial notice of the contents of ON24's SEC filings. The Ninth Circuit has held that it is appropriate to take judicial notice of SEC filings when ruling on a motion to dismiss. *See Metzler*, 540 F.3d at 1064 & n.7 (holding it is proper to take judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 (9th Cir. 2006) (same).

Because SEC filings are publically available, the Court can take judicial notice that the information was disclosed to the market. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *Metzler*, 540 F.3d at 1064 n.7; *Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (taking judicial notice of SEC filings); *In re Intel Corp. Sec. Litig.*, No. 18-CV-00507-YGR, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice.").

- Exhibit 1 is ON24's Form S-1 Registration Statement, as filed with the SEC on January 8, 2021, and amended on January 25, 2021.

- Exhibit 2 is ON24's Prospectus, filed on SEC Form 424B4 on February 4, 2021.

- Exhibit 3 is ON24's Form 8-K, filed with the SEC on March 17, 2021.

- Exhibit 4 is ON24's Form 8-K, filed with the SEC on May 12, 2021.

- Exhibit 5 is ON24's Form 8-K, filed with the SEC on August 10, 2021.

- Exhibit 6 is ON24's Form 8-K, filed with the SEC on November 9, 2021.

- Exhibit 7 is ON24's Form 8-K, filed with the SEC on February 28, 2022.

- Exhibit 8 is ON24's Form 10-K, filed with the SEC on March 14, 2022.

Accordingly, the Court should take judicial notice of the SEC filings attached as Exhibits 1-8 to the Wiener Declaration.

Dated:  May 2, 2022

ANNA ERICKSON WHITE
DAVID J. WIENER
MORRISON & FOERSTER LLP


By:  _____ */s/ Anna Erickson White*_____
ANNA ERICKSON WHITE

Attorneys for Defendants
ON24, INC., SHARAT SHARAN, STEVEN VATTUONE, IRWIN FEDERMAN, DENISE PERSSON, HOLGER STAUDE, DOMINIQUE TREMPONT, AND BARRY ZWARENSTEIN